UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMUEL COHN,

              Plaintiff,

    v.                                         25-CV-342-LJV
                                              ORDER

JOHN DOE, 1-10, OFFICE OF
CHILDREN AND FAMILY SERVICES, et
al.,

              Defendants.

_____


       The pro se plaintiff, Samuel Cohn, is a prisoner confined at the Suffolk County

Correctional Facility.  *See* Docket Item 1 at 2.  He brings this action—raising several

claims arising from an incident at the Highland Residential Center in Highland, New

York—under 42 U.S.C. § 1983.  *See* Docket Item 1 at 3-5; *see also Juvenile Justice*

*and Opportunities for Youth: Regional Facilities*, Off. of Child. and Fam. Servs.,

https://ocfs.ny.gov/programs/rehab/facilities/ (last visited December 9, 2025).  After this

Court twice administratively terminated Cohn's case, *see* Docket Items 3 and 6, he paid

the filing and administrative fees and his case was reopened.  For the reasons set forth

below, this action is transferred to the United States District Court for the Northern

District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under 28 U.S.C. § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to "personal jurisdiction with respect to the civil action in question."  *See* 28 U.S.C. § 1391(c)(1), (2).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  *See* 28 U.S.C. § 1406(a).  "A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte."  *Grefer v. Chirco*, 2023 WL 1798728, at *1 (W.D.N.Y. Feb. 7, 2023) (italics omitted).  The purpose of section 1406(a)'s transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Here, the events underlying Cohn's complaint occurred at the Highland facility in Highland, New York.  *See* Docket Item 1 at 3-5; *see also Juvenile Justice and Opportunities for Youth: Regional Facilities*, Off. of Child. and Fam. Servs., https://ocfs.ny.gov/programs/rehab/facilities/ (last visited December 9, 2025).   Highland,

2

New York, is located in Ulster County and thus within the geographical confines of the Northern District of New York. *See* 28 U.S.C. § 112(a). Moreover, although Cohn names a number of John Does as defendants, *see* Docket Item 1 at 2-3, he does not allege that any of those defendants reside within this District, *see* 28 U.S.C. § 1391(c)(1).[1] Thus, there is no apparent basis for venue in this District.

## CONCLUSION

In light of the above, it is in the interest of justice to transfer Cohn's case to the United States District Court for the Northern District of New York under 28 U.S.C. § 1406(a). This Court does not rule on the sufficiency of the complaint; instead, the Court leaves that issue to the Northern District of New York.

Therefore,

IT IS HEREBY ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Northern District of New York.

---

[1] Cohn does not specify whether he is suing the defendants, who he alleges work for the Office of Children and Family Services, in their individual or official capacities. *See* Docket Item 1 at 2-3. But to the extent he does intend to sue the defendants in their official capacities, "[w]here . . . public officials are sued in their official capacities, residence for venue purposes is where they perform their official duties." *Andrew H. by Irene H. v. Ambach*, 579 F. Supp. 85, 88 (S.D.N.Y. 1984) (internal quotation marks omitted). Because Cohn's complaint does not allege that the defendants perform their official duties within this District, the fact that he may intend to sue the defendants in their official capacities does not change the Court's analysis.

SO ORDERED.

Dated:   December 9, 2025
         Buffalo, New York


                                        _/s/ Lawrence J. Vilardo_____
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE